(No. 12226.—Decree affirmed.)

SWAN O. WIDELL, Appellant, *vs.* E. A. CARMICHAEL, Appellee.

*Opinion filed October 21, 1918.*

CONTRACTS—*what agreement respecting land cannot be enforced.* A verbal agreement by the owner of a tract of farm land to sell the land to an agent at $200 per acre and one-half over that price on all sales made by the agent, the parties to share equally in the expense of improving the land and the purchase price to be paid out of the proceeds of re-sales by the agent, is a mere verbal privilege which must be carried out within a reasonable time and cannot be enforced after the lapse of several years, during which time the agent has been in possession of the land, paying full farm rent to the owner, and where the improvements made consisted only of setting out some trees, repairing fences and fertilizing and seeding the land, at a total cost of $200, of which each party paid one-half.

APPEAL from the Circuit Court of Winnebago county; the Hon. R. K. WELSH, Judge, presiding.

B. A., W. D. & A. J. KNIGHT, for appellant.

· B. H. GARRETT, and FISHER, NORTH, WELSH & LINSCOTT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Winnebago county sustained the demurrer of the appellee, E. A. Carmichael, to the bill of complaint filed against him by the appellant, Swan O. Widell, praying the court to require the appellee to convey to appellant, upon payment of $12,000, the southeast quarter of the southwest quarter of section 1, township 43, range 1, and to decree that the appellee held title to the same in trust for the purpose of carrying out the terms of an alleged verbal contract. The appellant elected to stand by his bill and it was dismissed at his cost.

The only land involved in this suit is the above mentioned tract, but the bill contained averments of fact relating to other lands, and, converting all facts alleged in the bill and admitted in the demurrer into chronological order, they are as follows: About a year prior to August 30, 1907, the defendant gave to the complainant a written option for the purchase of the tract in question together with two other tracts, one containing upwards of 100 acres and the other 40 acres. If the complainant availed himself of that option the lands were to be paid for at the rate of $200 per acre, and within the period of the option the complainant produced a buyer for the tract containing upwards of 100 acres at $200 per acre. The defendant waived the requirement of the purchase of all the lands, accepted the purchaser and received from him upwards of $20,000 in payment for the tract sold. On August 30, 1907, the defendant made a verbal contract with the complainant to sell him the tract of land in question and the other 40-acre tract. The price of the other tract was agreed upon at $200 per acre and the tract in question was to be paid for at the same rate, with the addition of one-half of the proceeds of the sales of the same over and above $200 per acre, and all was to be paid out of the proceeds of sales of the tract when resold by the complainant. It was further agreed that the complainant should survey, subdivide, plat, improve, fertilize, seed down, improve with trees and sell the tract of land in question unless it happened that the same could be sold as a whole, and the complainant and defendant were each to pay one-half of the cost of the subdivision and improvements and abstracts of title and the complainant was to have possession. Originally all the lands were unimproved except with fences and one set of farm buildings and were used together as a farm. The complainant improved the other tract with barns, trees and six houses at a cost of upwards of $12,000 and sold that tract and paid to the defendant $200 per acre for it according to the agree-

ment, so that the defendant received for the tract containing upwards of 100 acres over $20,000 and for the tract of 40 acres $8000. The other tract was surveyed, platted and subdivided and the plat recorded and the tract was sold in lots. The defendant gave the complainant possession of the tract of land in question, and he repaired the fences, manured the land, set out a row of trees on the west side and seeded the tract down to grass. The fertilizing, seeding and improvements amounted to a total of $200, of which each party paid one-half. The complainant retained possession of the tract, which was in the actual occupancy of his tenants, and he paid the defendant the full farm share of the income. About two years before filing the bill the defendant advertised the tract in question for sale and placed it in the hands of his private agent and refused to let the complainant have anything further to do with it. By reason of the establishment by the United States government of a cantonment near the land the selling value was increased, and the complainant is able, ready and willing and by his bill offered to carry out the contract by taking charge of and caring for the land and selling the same. The complainant had an opportunity to sell the tract of land at $400 per acre and claimed the right to a conveyance to him upon the payment of $12,000 in cash, which would be $300 per acre, or $200 an acre and half of the excess for which the land could be sold.

The bill appears to have been of a composite nature but not to belong to either of the usual classes. The written option made in 1906, under which the complainant sold the tract containing more than 100 acres with a release of the obligation to take the other lands, came to an end, and the agreement as to the other 40-acre tract, which was surveyed, platted, subdivided and sold, was carried out and the transaction completed. The history of those matters was immaterial to any question involved in this case. The complainant was a real estate agent, and some of the facts

averred would indicate his understanding that the agreement was for a partnership, by which the tract was to be surveyed, platted and subdivided and sold in that way unless it could be sold as a single tract, the parties to share equally in the profits when the complainant should be able to sell the land. Again, the complainant claimed that he was entitled to a conveyance to him on the payment of $200 per acre and half of what he would be able to sell the land for, and he also asked the court to declare that the land was held in trust by the defendant, and that he was the beneficiary of the trust. Regarding either an alleged partnership or a conveyance to the complainant the contract could not be enforced because there was no time limit set for the sale by him, and nothing more than a mere verbal privilege to the complainant to sell the land if he could and to receive half of the profits in excess of $200 per acre. Any reasonable time after the verbal contract in 1907 for performance by complainant has long since expired. The complainant was put in possession of the tract but rented it to tenants and gave the full farm share of the income to the defendant, so that his possession was, in fact, under the defendant and not as a purchaser. There were no such improvements made as would give the complainant any equitable right. The only improvement alleged was setting out the row of trees on the west side at a cost of $75, half of which was paid by the defendant. Manifestly, there was no trust which would be express if it existed at all, and there was nothing which would amount to a declared trust. There was no resulting trust or trust created by operation of law, because the lands were owned by the defendant and the complainant did not furnish purchase money or occupy any relation which would entitle him to enforce a trust. There is no ground upon which the complainant was entitled to relief.

The decree is affirmed.                    *Decree affirmed.*